is to be determined. "Multifariousness has been frequently defined as consisting in improperly joining in one bill several distinct and independent matters, and thereby confounding them; as, for example, the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." 21 C. J. 408, § 427. This definition appears to have been taken verbatim from the decision of *Nail* v. *Mobley,* 9 *Ga.* 278. In this State it has been held that pleadings are not multifarious for misjoinder of parties when all of the parties named have a common interest in the subject-matter of the litigation. *Miller* v. *Jones,* 136 *Ga.* 428 (71 S. E. 910), and cases therein cited; *Massachusetts Bonding &c. Co.* v. *Realty Trust Co.,* 137 *Ga.* 693 (73 S. E. 1053); *Mathis* v. *Johnson,* supra, and cases cited.

When the jurisdiction of the court as to person is so undoubted that it cannot be questioned, a superior court in this State, having jurisdiction both at common law and in equity, may bring all the parties interested before it and decide the matter without taking two bites at a cherry, and what a court can do of its own motion either party to the cause may lawfully ask the court to do.

---

GAREBOLD *et al.* v. STINCHCOMB.

RUSSELL, C. J. Under the pleadings and the evidence the verdict and decree were demanded, and any errors committed by the court in the trial of the case were therefore harmless.

*Judgment affirmed. All the Justices concur.*

No. 3908. SEPTEMBER 20, 1924.

Equitable petition. Before Judge Fortson. Clarke superior court. July 11, 1923.

*John J. Strickland* and *Rupert A. Brown,* for plaintiffs.

*Henry C. Tuck,* for defendant.

---